# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2015

No. 14-60891

Lyle W. Cayce
Clerk

JEANETTER GRAHAM, Individually and as Wrongful Death Beneficiary of Albert Graham, Deceased,

> Plaintiff - Appellant

v.

ALEX HODGE, Individually and in His Official Capacity as Sheriff of Jones County; JONES COUNTY, MISSISSIPPI; DEPUTY JOHN DOE, In His Official Capacity,

> Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:13-CV-67

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Jeanetter Graham ("Jeanetter"), appeals the district court's grant of Defendant's summary judgment motion in this suit that alleged the wrongful death of her husband, Albert Graham ("Albert"). We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60891

I.

Albert was booked into the Jones County Adult Detention Center in November 2009. The booking medical sheet reflected that he had a heart condition and high blood pressure. However, since the booking officer failed to forward the sheet to the jail nurse, Patricia Johnston ("Johnston"), Albert received no medication from November 2009 through mid-March 2010. When Johnston did obtain the medical sheet, she assessed Albert's blood pressure and had him transferred to the Ellisville Medical Clinic where he was seen by a nurse practitioner who prescribed him blood pressure medicine. When Albert was returned to the detention center, Johnston placed him in the medical unit where he could be monitored and receive medication daily. On April 5, 2010, fellow inmates heard Albert struggling to breathe and summoned the guards. One of the guards, a certified EMT, began CPR and Albert was taken to South Central Regional Medical Center, where he died the next day of heart related issues.

Subsequently, Jeanetter, sued Alex Hodge, the Jones County, Mississippi Sheriff, individually and in his official capacity ("Hodge"), Jones County ("the County"), and Deputy "John Doe" in his official capacity alleging constitutional violations under 42 U.S.C. § 1983. Following discovery, Defendants moved for summary judgment on all claims. The district court ruled that because Jeanetter had failed to present arguments for any claims she had against Hodge in his individual capacity and other jail employees, those claims were abandoned. The district court further concluded that the claims against the county and Hodge in his official capacity were duplicative, subjecting the official-capacity suit against Hodge to dismissal. The district court granted summary judgment on the remaining claim in favor of Defendants. Jeanetter timely appealed.

2

No. 14-60891

## II.

We review the grant of summary judgment *de novo*, viewing all of the record evidence in a light most favorable to, and drawing all reasonable inferences in favor of, the non-moving party. *Lawyers Title Ins. Corp. v. Doubletree Partners, L.P.*, 739 F.3d 848, 856 (5th Cir. 2014). Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

The district court concluded that Jeanetter inadequately briefed her claims against Hodge in his individual capacity, as well as the *Monell* claims regarding jail staffing and deputies' training. On appeal, Jeanetter did not defend her claims against Hodge or other jail staff individually. Also, she mentioned, but did not adequately brief any claims against Jones County for Hodge's failure to train jail staff other than Johnston. Consequently, these claims were abandoned. *Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994) ("A party who inadequately briefs an issue is considered to have abandoned the claim."). Additionally, the district court determined that the official-capacity claims against Hodge and the claims against the County were one in the same. *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 3105 (1985) (an official-capacity suit is to be treated as a suit against the entity).

The essence of Jeanetter's remaining claim is that Hodge failed to train Johnston and Johnston violated Albert's constitutional rights to proper medical care as a pretrial detainee, resulting in his death. She asserts that summary judgment was improper because the record raised genuine issues of material fact. The district court found no fact issues. Its thorough and well-reasoned opinion adequately explained the reasons that Jeanetter's failure to

train claim under § 1983 did not evidence the required standard of deliberate indifference.

A failure to train action requires an underlying constitutional violation. *Kitchen v. Dallas County, Tex.*, 759 F.3d 468, 483 (5th Cir. 2014) (citation omitted). Jeanetter attempts to meet this requirement by showing that Johnston violated Albert's right to medical care by, *inter alia*, delaying to send Albert's authorization to obtain the heart facility's records, failing to send Albert to a cardiologist, and failing to send Albert's heart facility records to the Ellisville Medical Clinic. Establishing an underlying violation of a prison detainee's Fourteenth Amendment right to medical care requires a showing of deliberate indifference. *Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996). This court has explained that a prison official acts with deliberate indifference only if he knows there is a substantial risk of serious bodily harm and disregards that risk by failing to take reasonable steps to abate it. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks and citations omitted) (emphasis added). *Gobert* further provided examples of what actions do not constitute deliberate indifference, i.e., "[u]nsuccessful medical treatment, acts of negligence, or medical malpractice … [or] a prisoner's disagreement with his medical treatment, absent exceptional circumstances." *Id.* Moreover, *Gobert* concluded that "[a] showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* Applying the *Gobert* principles, the district court determined that Jeanetter's allegations against Johnston sounded more in negligence or medical malpractice, stating:

> Furthermore, the summary judgment record does not show that
> Nurse Johnston refused to treat Albert Graham, ignored his

No. 14-60891

complaints, or denied him medication. The facts before the Court are that Nurse Johnston took Graham's blood pressure on several occasions; that she obtained Graham's medical records from an outside treatment facility; that she sent Graham to the Ellisville Medical Clinic in light of his medical history; that Graham was transferred to a medical cell where he could be seen by Nurse Johnston and given his medication on a daily basis upon his return from the Ellisville Medical Clinic; and, that Graham was provided with his blood pressure medication between March 11 and April 5, 2014.[1]

On these facts, the district court appropriately found no evidence of Johnston's deliberate indifference to Albert's medical needs, and the failure to train claim fails without an underlying constitutional violation.

AFFIRMED.

---

[1] District Court's Memorandum Opinion and Order, p. 15-17.